## Sabers v. American Hoechst

*Howard M. Louik*, for plaintiffs.
*Herman C. Kimpel*, for defendant.

WETTICK, *J.*, June 15, 1979—In answers to interrogatories, defendant stated that it had obtained written statements concerning the action from two of its employes. Plaintiffs have filed a motion for production of copies of these statements which is the subject of this opinion and order of court.

In support of their motion for production, plaintiffs rely on Pa.R.C.P. 4003.4 which reads, in relevant part, as follows:

"Upon request, a party may obtain a photostatic copy or like reproduction of a statement concerning the action or its subject matter previously made by that party or a witness. Upon request, a person not a

party may obtain a photostatic copy or like reproduction of a statement concerning the action or its subject matter previously made by that person. If the request is refused, the party or person may move for a court order."

Rule 4003.4 permits any party to obtain any statement made "by that party or a witness." Defendant's employes are witnesses who furnished written statements concerning the action or subject matter to defendant; plaintiffs, therefore, contend that they are entitled to copies of these statements under Rule 4003.4

Defendant, on the other hand, contends that the statements of its employes are not subject to discovery because Rule 4003.4 excludes from discovery the statements of an adverse party.* According to defendant, the term "witness," as used in Rule 4003.4, encompasses only "a person not a party." To support this restrictive reading of "witness," defendant relies on the second sentence of Rule 4003.4 which permits "a person not a party" to obtain his or her statement and the explanatory note of the Civil Procedural Rules Committee to Rule 4003.4 which states that the purpose of this second sentence of Rule 4003.4 is to permit *"any witness* . . . [to] obtain a copy of his own statement upon request," 480 Pa. LXXXII (emphasis supplied). Defendant contends that the Rules Committee's use of the term "witness" in its explanatory note to describe "a person not a party"

---

*Defendant argues that the statements of employes of a corporation should be treated as statements of the corporation because a corporation may make a statement only through its employes. We do not reach this issue because, for the reasons set forth in this opinion, we conclude that the rules of discovery permit discovery of the statements of an adverse party.

shows that this is the manner in which the committee used the term "witness" for purposes of Rule 4003.4.

We reject this contention. The term "witness" ordinarily encompasses any person with first-hand knowledge of any matter that involves the pending action and should be construed in this manner unless other language within Rule 4003.4 creates ambiguity. See Pa.R.C.P. 127(b). No ambiguity exists. The first sentence of Rule 4003.4 permits any party to obtain its statement and the statements of any witness. Thus the second sentence of Rule 4003.4 which permits witnesses who are not parties to obtain their statements refers to "a person not a party," not for purposes of defining "witness" but in order to extend protections given to a party by the first sentence of Rule 4003.4 to non-party witnesses who furnished statements.

There is nothing within the explanatory note to Rule 4003.4 which indicates that the Rules Committee had any desire to protect from discovery the statements of any adverse party. While this note uses the term "witness" to describe the non-party witness who furnished a statement, there is no indication within the note that the Rules Committee intended to define "witness" in this fashion for purposes of the provisions of the rule dealing with the rights of a party to obtain statements.

Furthermore, this is the only reading of Rule 4003.4 that is compatible with the remaining provisions of Rule 4003. Rule 4003.1 includes within the scope of discovery any matter which is relevant to the subject matter involved in the pending action and Rule 4003.3 includes within the scope of discovery matters prepared in anticipation of litigation or trial. In the present case, the two corporate

employes who gave their statements to defendant may be deposed by plaintiffs as to the matters covered in their statements (Rule 4007.1) and their statements, if not signed, would be subject to discovery (Rule 4003.1, Rule 4009). There is no apparent reason for treating a signed statement from an adverse party in a different manner, and if the Rules Committee had intended to exclude from its liberal discovery policies the signed statement of an adverse party, this intention would have been obvious from a reading of the rules and its reasons for doing so would have been mentioned in its explanatory note.

For these reasons, we rule that Rule 4003.4 does not exclude from discovery the statements of witnesses who are adverse parties.

## ORDER

On this June 15, 1979, it is hereby ordered that defendant shall within 20 days provide counsel for plaintiffs with written statements of Maurice F. J. Cormier and Carl Glick.